The Surrogate.
One of the trusts created by this testator’s will is still unexecuted, and the trustees whom he selected for its execution are dead. The Surrogate is now asked to appoint their successor, and to decide whether such successor should be required to give bonds for the faithful discharge of his duties.' If there were any statutory answer to this question, one would naturally expect to find it in § 2818 of the Code of Civil Procedure. That section authorizes the Surrogate, in the event of the death, lunacy, resigna *229 tion or removal of a testamentary trustee, to appoint a successor. It provides, also, that, under certain circumstances, such successor shall be required to qualify in the same manner as an administrator with the will annexed, and, among other things, to give, like him, security for the proper performance of his trust. But this statutory requirement extends only to cases where the vacancy in the office of trustee has been brought about by resignation or removal, and does not include cases where it has been caused by lunacy or death. I agree, however, with Surrogate Coffin (see Tompkins v. Moseman, 5 Redf., 402), that, from this circumstance, no reference can be justly drawn that the legislature designed to relieve the successors ■ of deceased or insane testamentary trustees from any burdens that it imposed upon the successors of testamentary trustees inmoved from office or permitted to resign. With the exception that will presently be noted, § 2818, as it stood before the amendment of 1884 (and that amendment has no bearing upon the question now under consideration), was, word for word, like § 2587 of the first draft of the Code as prepared by the Commissioners to revise the Statutes. When thus prepared, it read as follows:
“Where a sole testamentary trustee has, by a decree of the Siirrogate’s court, been removed or allowed to resign, and the trust has not been fully executed, the same court may appoint his successor, unless such an appointment would contravene the express terms of the will. Where a decree removing the trustee or discharging him upon his resignation does not designate his successor, or the person desig *230 nated therein does not qualify, the successor must be appointed and must qualify as prescribed by law for the appointment and qualification of an administrator with the will annexed,”
It will be observed that the Surrogate’s authority to appoint successors to original testamentary trustees, was proposed to be limited to cases where such trustees had resigned, or had been removed, and that it was proposed, also, to require, from the successor of every such trustee, the security of a bond. The Commissioners attached to this section a note, declaring that its object was to extend to the Surrogates of all counties the authority conferred upon the Surrogate of this county by L. 1870, ch. 359, § 3, and added these words: “We are not disposed to recommend the extension of the power, as to vacancies created by death, insanity,” etc.
The section quoted was, before its adoption, so amended in its first clause as to effect the very enlargement of authority that the commissioners deprecated. But, evidently by inadvertence, the corresponding change was not made in the clause relating to qualification. Under these circumstances, and in the absence of any express direction of statute, it is the Surrogate’s duty to adopt the practice formerly pursued in such cases by the Court of Chancery, and more recently by the Supreme Court in its exercise of equity power (Tompkins v. Moseman, supra).
There are many cases which recognize the propriety and legality of requiring a bond from the successors of testamentary trustees (see Matter of Robinson, 37 N. Y., 264; People v. Norton, 9 id., 176 ; Milbank *231 v. Crane, 25 How. Pr., 193; Matter of Stuyvesant., 3 Edw. Ch., 299 ; Ex parte Jones, 4 Sandf. Ch., 615).
Counsel for the petitioner opposes this view of the Surrogate’s duty, and authority, by reference to § 2815 of the Code. “ Any person beneficially interested in the execution of the trust,” says that section, “may present to the Surrogate’s court a petition setting forth.....any fact respecting a testamentary trustee, the existence of which, if it was interposed as an objection to granting letters testamentary to a person named as executor in a will, would make it necessary for such a person to give security in order to entitle himself to letters, and praying for a decree directing the testamentary trustee to give security for the performance of his trust, and that he may be cited to show cause wliysuch a decree should not be made...... Upon the return of the citation, a decree requiring the testamentary trustee to give such security may be made, in a case where a person so named as executor can entitle himself to letters testamentary only by giving a bond; but not otherwise.”
Now, it seems to be claimed by petitioner’s counsel that, only in cases expressly specified in § 2818, already discussed, and in cases covered by § 2815, can a “testamentary trustee” be required by the Surrogate to give bonds, and it is insisted that the term “testamentary trustee,” as used in the latter section, is not limited in its meaning to trustees appointed by the will of a testator, but includes, also, any successor' to such trustees who may be appointed by the Surrogate. In support of the latter conten *232 tion, counsel refers to § 2514, which declares that, with certain exceptions, the expression “ testamentary trustee,” wherever it is used in the 18th chapter of the Code, shall be held to include “ every person who is designated by a will, or by any competent authority, to execute a trust created by a will.” The same section, however, provides that such rule of interpretation shall not be observed “ where a contrary intent is expressly declared in the provision to be construed, or is plainly apparent from the context thereof.”
From a careful examination of the context, it is, I think, “plainly apparent” that the term testamentary trustee, as used in § 2815, means a trustee named in the will, and no other. This is strongly indicated by the close similarity which exists, throughout the 18th chapter, between the provisions that relate to executors and those that relate to testamentary trustees. That policy of the law which, only under special circumstances, permits the exaction of a bond from executors before granting them letters testamentary, would naturally require that similar restrictions be placed upon the Surrogate’s authority to impose, upon testamentary trustees selected by the testator himself, the burden of giving security.
That policy, on the other hand, could not be extended to the successors of such trustees with any more propriety than to administrators with the will annexed, which latter class of officers have always been required to give bonds. The Code says, in effect, considering its various provisions as a whole, that persons named as executors in a will are entitled *233 to letters testamentary without giving bond, unless, when their right thereto is challenged, it appears that they reside out of the State, or that their circumstances do not afford adequate security for their due administration of the estate (§§ 2685, 2686, 2687). And it substantially says, also, that persons named as trustees in a will are entitled to exercise the functions of their office without security, subject only to the same limitations that are established in the case of executors (§§ 2815, 2816, 2817).
As to the successors of such trustees, however, I am convinced that the Surrogate, may, in all cases, lawfully require security at the time of their appointment. It must be furnished in the case at bar.